# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALBERTO MANCEBO, | : |
| Plaintiff, | : CIVIL ACTION NO. 3:17-2046 |
| v. | : (JUDGE MANNION) |
| JOHN STEINHART, *et al.*, | : |
| Defendants | : |

## MEMORANDUM

### I. Background

Plaintiff, an inmate confined in the Mahanoy State Correctional Institution ("SCI-Mahanoy"), Frackville, Pennsylvania, originally filed the above captioned civil rights action pursuant to 42 U.S.C. §1983, in the Schuylkill County Court of Common Pleas (Doc. 1). The named Defendants are Correct Care Solutions; John Steinhart, Correctional Health Care Administrator; Christopher Oppman, Director of Health Care Service; Theresa DelBalso, SCI-Mahanoy Superintendent; and John Wetzel, Department of Corrections Secretary. Id. Plaintiff claims that Defendants provided inadequate medical treatment with respect to Plaintiff's medical condition.

Currently pending before the Court are Defendants' motions to dismiss Plaintiff's complaint. (Docs. 7, 9). The motion are fully briefed and are ripe for disposition. For the reasons that follow, the Court will grant the motions.

## II. Allegations in Complaint

Plaintiff alleges that "on July 13, 2017, and numerous times before, [he] went to medical for inflammation on [his] eye and [he] was told it was a stye on [his] eye. (Doc. 1). He was "given antibiotics and drops and was told to use a hot rag and it would go away." Id. Plaintiff states that "for over a month [his] eye was/is in pain and swollen." Id. He was "last given some different medication but nothing has changed, my eye is still inflamed and painful." Id. Plaintiff claims that he was "informed over a month ago that [he] would be sent out to have surgery and until this day nothing has happened." Id.

On July 14, 2017, Plaintiff filed Grievance No. 687530, "in an attempt to resolve the failure to properly treat the stye." Id. By Initial review response dated August 1, 2017, Grievance No. 687530 was denied. Id. A timely appeal to the Facility Manager was taken on August 8, 2017 and the denial was affirmed on August 18, 2017. Id. An August 24, 2017 appeal to Final Review was referred to the Bureau of Health Care Services on August 31, 2017 and was denied on September 27, 2017. Id.

Plaintiff files the instant action, claiming that "there is no medical justification for the Defendants' failure to properly treat Plaintiff's stye by opening and draining it" and that "their actions and inactions have caused and continue to cause Plaintiff pain, suffering and emotional distress." Id. Specifically, Plaintiff states that Defendants, Steinhart and Oppman disregarded their duties "by negligently and carelessly allowing Plaintiff's

rights under Pennsylvania law to be violated by medical personnel at SCI-Mahanoy's negligent conduct in regard to the treatment of Plaintiff's stye." Id. He claims that "Defendant, Correct Care Solutions, as Medical Care Provider is the policy maker at SCI-Mahanoy regarding medical treatment", and "it was policy, practice and/or custom for Correct Care Solutions to fail to adequately treat and/or to dump inmates who require extensive and/or expensive medical care." Id. Plaintiff believes that "the above described policies, practices and customs demonstrated a deliberate indifference on the part of Defendant[s], DelBalso and Wetzel, to the constitutional rights of person within Mahanoy, and were the cause of the violations of Plaintiff's rights as alleged herein." Id. For relief, Plaintiff seeks compensatory and punitive damages. Id.

### III. Motion to Dismiss

Fed.R.Civ.P. 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim," Fed.R.Civ.P. 8(a)(2), and detailed factual allegations are not required, Bell Atlantic Corp.

v. Twombly, 550 U.S. 544, 555 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Twombly, 550 U.S. at 556). "[L]abels and conclusions" are not enough, Twombly, 550 U.S. at 555, and a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Id. (quoted case omitted).

In resolving the motion to dismiss, we thus "conduct a two-part analysis." Fowler, supra, 578 F.3d at 210. First, we separate the factual elements from the legal elements and disregard the legal conclusions. Id. at 210-11. Second, we "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief". Id. at 211 (quoted case omitted).

In addition, because Plaintiff complains about "prison conditions," the screening provisions of 42 U.S.C. §1997e apply, as do the screening provisions of 28 U.S.C. §1915(e), given that he was granted *in forma pauperis* status to pursue this suit. The court's obligation to dismiss a complaint under the PLRA screening provisions for complaints that fail to state a claim is not excused even after defendants have filed a motion to dismiss. See, e.g., Lopez v. Smith, 203 F.3d 1122, 1126 n. 6 (9th Cir. 2000). Hence, if there is a ground for dismissal which was not relied upon by a defendant in a motion

4

to dismiss, the court may nonetheless *sua sponte* rest its dismissal upon such ground pursuant to the screening provisions of the PLRA. Id.

IV. **Discussion**

   A. **Eighth Amendment Medical Claim**

In order to establish an Eighth Amendment medical claim, a plaintiff must show "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." Natale v. Camden Cty. Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003). See also Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that a layperson would recognize the need for a doctor's attention. Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987). In addition, "if unnecessary and wanton infliction of pain results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the eighth amendment." Id.

A prison official acts with deliberate indifference to an inmate's serious medical needs when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837

(1994). Thus, a complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment..." Estelle v. Gamble, 429 U.S. 97, 106 (1976). For instance, a "medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice." Id., 429 U.S. at 107. "[A]s long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights." Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990). Further, a doctor's disagreement with the professional judgment of another doctor is not actionable under the Eighth Amendment. See White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990). In sum, negligence, unsuccessful medical treatment, or medical malpractice does not give rise to a §1983 cause of action, and an inmate's disagreement with medical treatment is insufficient to establish deliberate indifference. See Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993).

Further, a prison administrator cannot be found deliberately indifferent under the Eighth Amendment because he or she fails to respond to the medical complaints of an inmate being treated by a prison physician, or because, as non-physicians, they defer to the medical judgment of the inmate's treating physicians. Id., 991 F.2d at 69. If, however, non-medical prison personnel had "a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner," liability

may be imposed. Spruill, 372 F.3d 236.

A mere difference of opinion between the prison's medical staff and the inmate regarding the diagnosis or treatment which the inmate receives does not support a claim of cruel and unusual punishment. Farmer v. Carlson, 685 F. Supp. 1335, 1339 (M.D. Pa. 1988). See McCracken v. Jones, 562 F.2d 22, 24 (10th Cir. 1977); Smart v. Villar, 547 F.2d 112, 113 (10th Cir. 1976).

Additionally, if there is a dispute over the adequacy of the received treatment, courts have consistently been reluctant to second guess the medical judgment of the attending physician. Little v. Lycoming County, 912 F. Supp. 809, 815 (M.D. Pa.), aff'd, 101 F.3d 691 (3d Cir. 1996). The key question is whether the defendant has provided the plaintiff with some type of treatment, regardless of whether it is what the plaintiff desires. Farmer v. Carlson, 685 F. Supp. at 1339.

Assuming, without deciding, that Plaintiff's medical needs were serious in the constitutional sense, the allegations in Plaintiff's complaint clearly demonstrate that Plaintiff received medical attention, and that the attention Plaintiff received lacks the requisite deliberate indifference to support a Section 1983 claim. Plaintiff, himself, states that he was seen "on July 13, 2017 and numerous times before", and was prescribed antibiotics, drops and other medication.

At best, Plaintiff's complaint demonstrates his disagreement with the type of treatment rendered. Though he may have wished to have a doctor

open the stye and drain it, his disagreement with the course of action that was taken is not enough to state a §1983 claim. Sample v. Diecks, 885 F.2d 1099, 1109 (3d Cir.1989) (citing Estelle, 429 U.S. at 105–06 (in the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind)). This is particularly so in light of the fact that there are no allegations in the complaint that any of the Defendants intentionally withheld medical treatment from Plaintiff in order to inflict pain or harm upon Plaintiff. Farmer; Rouse. To the extent that Plaintiff states that he was "informed over a month ago that [he] would be sent out to have surgery and until this day nothing has happened", does not demonstrate an intentional withholding, or unnecessary and wanton infliction of pain. In fact, it shows that Defendants continue to be attentive to Plaintiff's situation. Thus, the allegations in the Plaintiff's complaint amount to nothing more than Plaintiff's subjective disagreement with the treatment decisions and medical judgment of the medical staff at the prison. At most, the allegations in the complaint only rise to the level of mere negligence. As simple negligence can not serve as a predicate to liability under §1983, Hudson v. Palmer, 468 U.S. 517 (1984), Plaintiff's civil rights complaint fails to articulate an arguable claim. See White, 897 F.2d at 108-110.

Moreover, to the extent that Plaintiff believes that he has been misdiagnosed, mere misdiagnosis or negligent treatment is not actionable as

an Eighth Amendment claim because medical malpractice is not a constitutional violation. Estelle, 429 U.S. at 106. Indeed, prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners. Durmer, 991 F.2d at 67. Once again, "mere disagreements over medical judgment" do not rise to the level of an Eighth Amendment violation. White, 897 F.2d at 110.

### B. Defendant Correct Care Solutions ("CCS")

Plaintiff asserts a §1983 claim against CCS, a limited liability company that provides health care services to SCI-Mahanoy under contract. A private corporation providing health services to inmates may be liable under §1983 to the extent its policies or customs exhibit deliberate indifference to a prisoner's serious medical needs. Leflar v. Algarin, Civ. No. 16-6567, 2017 WL 1425835, at *4 (E.D. Pa. Apr. 19, 2017); Edwards v. Northampton Cty., Civ. No. 12-5323, 2016 WL 7654661, at *11 (E.D. Pa. Apr. 29, 2016), aff'd, 663 Fed.Appx. 132 (3d Cir. 2016), A plaintiff must show that a relevant policy or custom cause the constitutional violation at issue. Natale, 318 F.3d at 583-84, ("In order for PHS to be liable, the [plaintiffs] must provide evidence that there was a relevant PHS policy or custom, and that the policy caused the constitutional violation they allege.").

In the absence of a predicate constitutional injury, however, there can be no liability on the part of CCS. Cessna v. Corr. Med. Servs., 794 F.Supp.2d 544, 550 (D.Del. 2011)("The court has concluded that Dr. Wallace did not

9

violate plaintiff's constitutional rights under the Eighth Amendment. CMS, therefore, cannot be liable based on the theory that it established or maintained an unconstitutional policy or custom responsible for violating plaintiff's rights.") (citing Goodrich v. Clinton Cty. Prison, 214 Fed.Appx. 105, 113 (3d Cir. 2007)).

Here, Plaintiff has failed to assert facts that could plausibly establish a violation of his Eighth Amendment rights. Moreover, Plaintiff has not asserted that his health care providers acted in a manner that was deliberately indifferent to his serious medical needs. In any event, however, Plaintiff's own allegations indicate that he was seen by medical staff on numerous occasions. During the course of his treatment, Plaintiff was given antibiotics and eye drops. As noticed, he complains that the stye should have been opened and drained. Based on the facts alleged, Plaintiff has not demonstrated that prison medical personnel were deliberately indifferent to his serious medical needs. See Matthews v. Pa. Dep't of Corr., 613 Fed.Appx. 163, 170 (3d Cir. 2015), (prison medical officials were not deliberately indifferent to plaintiff's Achilles tendonitis, where complaint allegations showed that they saw him regularly, prescribed a cast and crutches, and advised him not to participate in certain physical activities during his recovery; to the extent they exposed him to greater risk of injury by refusing to recommend a cell reassignment, their mistake involved only negligence, not deliberate indifference); Brandner v. First Corr. Medical, Civil No. 05-3920, 167

Fed.Appx. 328 (3d Cir. 2006)(per curiam), (plaintiff inmate who suffered from swollen and painful knee did not state Eighth Amendment claim against correctional medical center, medical director, or nursing supervisor where plaintiff had been seen by staff on approximately a monthly basis, medical staff provided pain medication and performed x-rays, plaintiff was given a cane, a post-complaint MRI showed that his knee was within "normal range," plaintiff had continued to receive medication and joint injections, and he had been referred to an orthopedic specialist).

Because no Eighth Amendment violation has been asserted, CCS cannot be liable under §1983. Accordingly, this Defendant is entitled to dismissal.

### C. Defendant Steinhart

Corrections Health Care Administrators, like Steinhart, are administrators, not doctors. See Thomas v. Dragovich, 142 Fed.Appx. 33, 39 (3d Cir. 2005). As such, Steinhart cannot be liable simply for failing to second-guess the medical judgment of Plaintiff's health care providers or for failing to dictate an alternative course of treatment. See Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993) (ruling that non-medical defendants "[could not] be considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor"); Ascenzi v. Diaz, Civil No. 05-1656, 2007 WL 1031516, at *5 (M.D. Pa. Mar. 30, 2007) (holding that prison's health care

administrator lacked any medical authority to dictate the course of inmate's treatment and could not be considered deliberately indifferent for failing to second-guess the treating physician's assessment of the inmate's medical needs). "[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official ... will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." Spruill, 372 F.3d at 236.

Here, Plaintiff is essentially complaining that Steinhart did not intervene to establish a different or better course of medical treatment for his stye. Although Plaintiff was clearly dissatisfied with his level of care, he has failed to allege facts showing that his course of treatment was constitutionally insufficient. Even if he had pled constitutionally inadequate medical care, Plaintiff has not alleged facts showing that Steinhart was in a position to challenge the medical judgment of Plaintiff's health care providers.

### D. **Defendants DelBalso and Wetzel**

Plaintiff's Eighth Amendment claim against DelBalso and Wetzel is predicated on the theory that they were aware of Plaintiff's medical condition but refused to do anything about it.

Again, "non-medical prison officials are generally justified in relying on the expertise and care of prison medical providers." Spruill, 372 F.3d at 236. Thus, "[i]f a prisoner is under the care of medical experts ... a non-medical

prison official will generally be justified in believing that the prisoner is in capable hands." Id. "[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official ... will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." Id.

Here, Plaintiff's allegations establish that he was under continuous treatment by the prison's health care providers. For the reasons previously discussed, Plaintiff has failed to allege facts that could plausibly establish deliberate indifference on the part of medical staff members to Plaintiff's serious medical needs. It follows that Plaintiff cannot establish liability against these Defendants for failing to intervene in Plaintiff's treatment plan.

In addition, Plaintiff's claims against DelBalso are deficient to the extent they are predicated on DelBalso's denial of Plaintiff's grievance appeal. A prison official's participation in grievance processes, including appeals, fails to establish the requisite personal involvement." Brooks v. Beard, 167 Fed.Appx. 923, 925 (3d Cir. 2006) ("Although the complaint alleges that [prison officials] responded inappropriately to [the plaintiff's] later-filed grievances about his medical treatment, these allegations do not establish [the prison officials'] involvement in the treatment itself.").

In sum, Plaintiff has failed to plead a plausible constitutional violation for which DelBalso could be liable. Even if he had, DelBalso's participation in the grievance process would be insufficient to establish his own personal

13

involvement in the alleged wrongdoing. And, because DelBalso and Wetzel are non-medical prison officials, they was entitled to rely on the professional judgment of Plaintiff's health care providers. As such, Defendants DelBalso and Wetzel are entitled to dismissal.

### E. Leave to Amend

The United States Court of Appeals for the Third Circuit has stated that, in civil rights cases, *pro se* plaintiffs should generally be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, Fletcher-Harlee Corp v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend would be inequitable or futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Based on the foregoing, the Court finds futility in allowing Plaintiff to amend his Complaint because, as discussed, Plaintiff's complaint fails as a matter of law, as his disagreement with the course of treatment received does not rise to the level of a constitutional violation.

## V. State Law Claims

As Defendants' motions to dismiss Plaintiff's federal claims will be granted, pursuant to 28 U.S.C. 1367(c)(3)[1] the Court declines to exercise

---

[1]Title 28 U.S.C. §1367(c)(3) provides that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... (3) the district court has dismissed all claims over which it has original (continued...)

14

supplemental jurisdiction over Plaintiff's state law negligence claims. Where a district court has dismissed all claims over which it had subject matter jurisdiction, the Court must remand the case to the state court from which it was removed. 28 U.S.C. §1447(c). Section 1447(c) states: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." "The language of this section is mandatory—once the federal court determines that it lacks jurisdiction, it must remand the case back to the appropriate state court." Bromwell v. Michigan Mut. Ins. Co., 115 F.3d 208, 213 (3d Cir. 1997). Because Plaintiff's federal law claims will be dismissed, Plaintiff's remaining state law claims will be remanded to the state court.

**VI. Conclusion**

For the reasons stated above, Defendants' motions to dismiss Plaintiff's federal claims will be granted. Plaintiff's remaining state law claims will be remanded to state court. An appropriate order shall issue.

          s/ *Malachy E. Mannion*
          **MALACHY E. MANNION**
          **United States District Judge**

**Dated: July 16, 2018**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2017 MEMORANDA\17-2046-01.wpd

---

[1](...continued)
jurisdiction." See also 28 U.S.C. §1367(d).

15